IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CASEY DUNNAM, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Docket No.: <u>3:24-cv-00231</u> |
| | ) | |
| WILSON COUNTY, TENNESSEE and | ) | |
| BETSY JAKALSKI, individually, | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>MOTION FOR SUMMARY JUDGMENT OF BETSY JAKALSKI, IN HER INDIVIDUAL CAPACITY</u>

Comes the defendant Betsy Jakalski, in her individual capacity (Director Jakalski or Jakalski), by and through counsel, and, respectfully moves this Honorable Court, per Rule 56 of the Federal Rules of Civil Procedure, to grant her summary judgment. Director Jakalski submits that she is entitled to a judgment as a matter of law based on the undisputed material facts of this case based on the following:

I. Director Jakalski is entitled to qualified immunity as to any First Amendment Retaliation claim against her because she did not violate any constitutional right of Plaintiff to be free from retaliation under the First Amendment.

    A. Director Jakalski did not violate Plaintiff's First Amendment rights because Plaintiff's speech was not protected public speech under the First Amendment.

    B. Director Jakalski did not violate Plaintiff's First Amendment rights because Plaintiff's s alleged protected speech (Anonymous Complaint) was not the "substantial factor or motivating factor" as to any adverse employment decision.

    C. Director Jakalski did not violate Plaintiff's First Amendment rights because Director Jakalsk's had adequate justifications that outweighed any interests that Plaintiff may have had.

    D. Director Jakalski should be dismissed under the *Mt. Healthy* Defense because Plaintiff would have been terminated even in the absence of the alleged protected speech.

II. Director Jakalski is entitled to qualified immunity because Plaintiff cannot prove that she violated a "clearly established" constitutional right.

In support of this *Motion for Summary Judgment*, Director Jakalski files her *Statement of Undisputed Material Facts* along with the attached exhibits and *Memorandum of Law in Support of her Motion for Summary Judgment*.

WHEREFORE, based on the above, Director Jakalski respectfully moves this Honorable Court to grant her qualified immunity because, even when viewing the facts in the light most favorable to Plaintiff, she is entitled to a judgment as a matter of law.

Respectfully submitted this 23rd day of June, 2025.

/s/ N. Craig Strand
N. Craig Strand, BPR # 028381
**O'NEIL, PARKER & WILLIAMSON, PLLC**
7610 Gleason Drive, Suite 200
Knoxville, Tennessee 37919
(865) 546-7190
(865) 546-0789 (fax)
cstrand@opw.com
*Attorney for Betsy Jakalksi, in her individual capacity*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on June 23, 2025, a true and exact copy of this *Answer* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Jerry Gonzalez
8000 Highway 99, No. 456
Rockvale, Tennessee 37153
jgonzalez@jglaw.net
*Attorney for Plaintiff*

Jesse Ford Harbinson
Jesse Ford Harbinson law, PLLC
PO Box 68251
Nashville, Tennessee 37206
jesse@jesseharbisonlaw.com
*Attorney for Plaintiff*

Jeffrey R. Thompson
Gina S. Vogel
Lewis Thomason, P.C. PO Box 2425
Knoxville, Tennessee 37901-2425
jrthompson@lewisthomason.com
gvogel@lewisthomason.com
*Attorneys for defendant Wilson County, Tennessee*

                /s/ N. Craig Strand
                Of O'Neil, Parker & Williamson, PLLC